IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31222
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN NICHOLAS TASSIN,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-70-ALL-N
-------------------------------------------------------------
May 20, 2002

Before JOLLY, WIENER and STEWART, Circuit Judges:

PER CURIAM:[*]

Allen Nicholas Tassin appeals his conviction for kidnaping and use and carrying of a firearm

in relation to that crime. Tassin argues that the district court plainly erred by failing to admonish the

jury following a juror's comment on his failure to testify. See United States v. Griffith, 118 F.3d 324,

325-26 (5th Cir. 1997). The reference to the failure to testify was spontaneous, it was a single

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurrence, Tassin's exculpatory story discounting the credibility of the primary witnesses against him was nonexistent, and the evidence that the victims did not consent to being transported across state lines is overwhelming. In failing to admonish the jury, the district court error, if any, was harmless. Chapman v. United States, 547 F.2d 1240, 1249-50 (5th Cir. 1977).

Tassin argues that the district court abused its discretion in allowing the Government to present expert testimony. United States v. Williams, 822 F.2d 512, 516 (5th Cir. 1987). As the district court concluded in denying Tassin's motion for a new trial on this point, any evidence regarding Tassin's motive in setting fire to the car was inconsequential in the face of the overwhelming direct evidence of the kidnaping. Tassin has not shown reversible error with respect to this issue.

Tassin argues that the district court abused its discretion by not allowing him to present evidence of specific acts to show that a victim, called as a defense witness, was not credible. The record is clear that the witness made a false police report and did not have a reputation for being truthful. Tassin has not shown that evidence of specific acts would not be simply cumulative of established facts. See United States v. Greer, 939 F.2d 1076, 1096-97 (5th Cir. 1991), related portion reinstated, 968 F.2d 433, 434 (5th Cir. 1992) (en banc).

AFFIRMED.